UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      Case No. 21-cr-20362-2
                                      Hon. Matthew F. Leitman

D2, DARIAN LAMAR MCQUEEN,

    Defendant.
_____/

## ORDER CONSTRUING LETTER (ECF No. 224) AS MOTION FOR COMPASSIONATE RELEASE AND DENYING MOTION

    On April 29, 2022, the Court sentenced Defendant Darian Lamar McQueen to a term of 27 months in the custody of the Federal Bureau of Prisons in connection with his conviction for wire fraud conspiracy in violation of 18 § U.S.C. 1349. (*See* Judgment, ECF No. 179.) On October 27, 2022, McQueen sent the Court a letter seeking release on the basis that his grandmother recently passed away and that he wishes to attend her funeral. (*See* Letter, ECF No. 224.) He further explains that he fears his daughter may be autistic, and he says that he wishes to be home to support her. (*See id.*) The Court construes this letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and the Court **DENIES** the motion.

The United States Court of Appeals for the Sixth Circuit has explained that the following framework governs motions for compassionate release filed by inmates:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id.* at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

The Court proceeds directly to the Section 3553(a) factors, which weigh strongly against Mr. McQueen's release. In particular, the serious nature and circumstances of Mr. McQueen's offense and the fact that Mr. McQueen has served only a small portion of his sentence weigh heavily against release. The goal of imposing sufficient punishment would not be satisfied by releasing McQueen so soon after he was sentenced, and releasing McQueen would not be consistent with the goal of deterrence.

Accordingly, McQueen's motion for compassionate release (ECF No. 224) is **DENIED.**

**IT IS SO ORDERED.**

                                                  s/Matthew F. Leitman  
                                                  MATTHEW F. LEITMAN  
                                                  UNITED STATES DISTRICT JUDGE

Dated:  October 28, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2022, by electronic means and/or ordinary mail.

                                                  s/Holly A. Ryan  
                                                  Case Manager  
                                                  (313) 234-5126